# Order

Michigan Supreme Court
Lansing, Michigan

April 17, 2009

138042

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

JASMINE DORSEY,
      Defendant-Appellee.

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 138042
COA: 280524
Wayne CC: 07-009874

On order of the Court, the application for leave to appeal the November 25, 2008 judgment of the Court of Appeals is considered, and it is DENIED, there being no majority in favor of granting leave to appeal.

MARKMAN, J. (*dissenting*).

I respectfully dissent and would grant leave to consider the issues presented here.

When the police executed a search warrant for drugs at a house, they found three women sitting on a couch in the living room. After the police directed the women to "freeze," defendant raised her arms and dropped her purse to the floor by her feet. Although no drugs were found in the living room where defendant was situated, a small amount of marijuana was found in the dining room. The police also searched defendant's purse and found an unloaded handgun for which defendant lacked a permit.

In *Ybarra v Illinois,* 444 US 85 (1979), the Court held that a search of a customer at a bar while the police were executing a search warrant at the bar was illegal. The Court explained:

> [A] person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person. . . . [A] search or seizure of a person must be supported by probable cause particularized with respect to that person. This requirement cannot be undercut or avoided by simply pointing to the fact

that coincidentally there exists probable cause to search or seize another or to search the premises where the person may happen to be. [*Id*. at 91.]

Further, "[t]he 'narrow scope' of the *Terry* [*v. Ohio,* 392 US 1 (1968)] exception does not permit a frisk for weapons on less than reasonable belief or suspicion directed at the person to be frisked, even though that person happens to be on premises where an authorized narcotics search is taking place." *Id.* at 94.

In light of *Ybarra,* the police in this case lacked the authority to search defendant's person. However, the United States Supreme Court has distinguished between a search of a person and a search of a person's purse. In *United States v Di Re,* 332 US 581 (1948), the Court held that probable cause to justify a search of a car does not justify a search of the passengers of the car. Subsequently, in *Wyoming v Houghton,* 526 US 295 (1999), the Court held that probable cause to justify a search of a car *does* justify a search of a passenger's purse. The Court held that an item of personal property, like a purse, is not entitled to the "significantly heightened protection afforded against searches of one's person." See *id.* at 303 (distinguishing *Di Re* and *Ybarra*). In response to the dissent that criticized the majority for making a distinction between a search of a person and a search of a person's purse, the majority said:

Does the dissent really believe that Justice Jackson [in *Di Re*] was saying that a house search could not inspect *property* belonging to persons found in the house—say a large standing safe or violin case belonging to the owner's visiting godfather? Of course that is not what Justice Jackson meant at all. He was referring *precisely* to that "distinction between property contained in clothing worn by a passenger and property contained in a passenger's briefcase or purse" that the dissent disparages. This distinction between searches of the person and searches of property is assuredly *not* "newly minted . . . ." [*Id.* at 303 n 1 (emphasis in the original).]

The United States Supreme Court has further held that "[s]earch warrants are not directed at persons; they authorize the search of 'place[s]' and the seizure of 'things . . . .'" *Zurcher v Stanford Daily,* 436 US 547, 555 (1978). Therefore, "it is untenable to conclude that property may not be searched unless its [owner] is reasonably suspected of crime and is subject to arrest." *Id.* at 559.

In *People v Coleman,* 436 Mich 124 (1990), this Court held that the search of the defendant's purse did not amount to a search of the defendant's person. In that case, the purse was across the room from the defendant and the defendant was not a "mere casual or transient visitor who happened fortuitously to be on the premises at the time it was subject to a lawful search." *Id.* at 135 (Boyle, J., concurring).

Defendant was eventually charged with carrying a concealed weapon without a permit. The trial court suppressed evidence of the gun, ruling that the search was illegal, and the Court of Appeals affirmed. *People v Dorsey,* unpublished opinion per curiam of the Court of Appeals, issued November 25, 2008 (Docket No. 280524). The prosecutor argues before this Court that because the purse was not on defendant's person when the police seized it, the purse could be searched because it constituted personal property inside a house that was the subject of a valid search warrant. That is, the search constituted a permissible search of a container in which items specified in the warrant might be found. Because this is a jurisprudentially significant issue, and because the prosecutor has raised thoughtful arguments, I would grant leave to appeal.

CORRIGAN and YOUNG, JJ., join the statement of MARKMAN, J.

HATHAWAY, J., not participating. Justice Hathaway recuses herself and will not participate in this case as she was the presiding trial court judge. See MCR 2.003(B).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 17, 2009

_Corbin R. Davis_
Clerk

s0414